United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Carrot Love, LLC, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-23586-Civ-Scola |
| | ) |
| Aspen Specialty Insurance Company, Defendant. | ) |

### Order on Motion to Dismiss

Now before the Court is Defendant Aspen Specialty Insurance Company's motion to dismiss the Plaintiff's amended complaint. For reasons stated below, the Court **grants** the Defendant's motion. (**ECF No. 19**.)

**1. Background**

This matter is an action for breach of contract between insured and insurer relating to losses suffered by the Plaintiff Carrot Love, LLC, a restaurant owner who operates three health food restaurants in South Florida, relating to the ongoing COVID-19 pandemic. The Plaintiff's restaurants are insured by Aspen Specialty Insurance Company under policy number HPH136090. (ECF No. 17, at ¶¶ 6-8.) The policy at states that Aspen "will pay for direct physical loss of or damage to" properties covered by the policy, resulting from any covered cause. (ECF No. 17, at ¶ 9.) The policy also states that Aspen will "pay for the actual loss of Business Income . . . sustain[ed] due to the necessary 'suspension' of your 'operations' during the 'period of restoration'" provided such suspension is caused "by direct physical loss of or damage to" one of the covered properties. (ECF No. 17, at ¶ 10.) As with the policies' other provisions, the policies' period of restoration definition turns on the covered properties experiencing a "direct physical loss or damage." (ECF No. 17, at ¶ 16.) Accordingly, it is operative to the policy that the Plaintiff's business experienced "direct physical loss or damage" to the property.

The COVID-19 pandemic has had an extraordinary impact on the life of Americans nationwide and in South Florida. To date, over 1.4 million Floridians have been infected with COVID-19 and over 23,000 Floridians have died from the virus. In addition to the personal impact the pandemic has had on every American, COVID-19 has devastated business in Florida and throughout the country. In its amended complaint, the Plaintiff asserts one count of breach of contract against the Defendant after the Defendant denied

the Plaintiff's claim seeking coverage relating to the Plaintiff's inability or limited ability to operate its restaurants as a result of the COVID-19 pandemic. Specifically, the Plaintiff states it suffered a physical loss or damage to its property because beginning at least in February 2020, COVID-19 deposited on "various surfaces such as countertops, tables and chairs" at the Plaintiff's three restaurant locations. (ECF No. 17, at ¶ 20.) As a result, the Plaintiff claims the "presence of any COVID-19 particles on physical property such as countertops, tables and chairs, impair[ed their] value, usefulness, and/or normal function" causing the Plaintiff to suffer a "direct[] physical loss or damage" that is covered under its policy with the Defendant. (ECF No. 17, at ¶ 23.)

### 2. Legal Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Under Federal Rule of Civil Procedure 8, a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Id.*

In applying the Supreme Court's directives in *Twombly* and *Iqbal*, the Eleventh Circuit has provided the following guidance to the district courts:

> In considering a motion to dismiss, a court should 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. Further, courts may infer from the factual allegations in the complaint obvious alternative explanation[s], which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer.

*Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. App'x 136, 138 (11th Cir. 2011) (citations omitted). "This is a stricter standard than the Supreme

Court described in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which held that a complaint should not be dismissed for failure to state a claim 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Mukamal v. Bakes*, 378 F. App'x 890, 896 (11th Cir. 2010). These precepts apply to all civil actions, regardless of the cause of action alleged. *Kivisto*, 413 F. App'x at 138.

### 3. Analysis

The Court is sympathetic to the Plaintiff's position, however, "a growing number of state and federal courts in Florida and around the country have considered the issue and have almost uniformly held that economic losses resulting from . . . COVID-19 are not covered under 'all risk' policy language identical to that in this case because such losses were not caused by direct physical loss of or damage to the insured property." *Emerald Coast Restaurants, Inc. v. Aspen Specialty Ins. Co.*, No. 20-cv-5898, 2020 WL 7889061, at *2 (N.D. Fla. Dec. 18, 2020); *see also MENA Catering, Inc. v. Scottsdale Ins. Co.*, No. 20-cv-23661, 2021 WL 86777, at *7 (S.D. Fla. Jan. 11, 2021) (Bloom, J.) ("There is no 'direct physical loss' where the alleged harm consists of the mere presence of the virus on the physical structure of the premises." (discussing *Mama Jo's, Inc. v. Sparta Ins. Co.*, 823 F. App'x 868, 879 (11th Cir. 2020)); *see also Sun Cuisine, LLC v. Certain Underwriters at Lloyd's London*, No. 20-cv-21827, 2020 WL 7699672, at *4 (S.D. Fla. Dec. 28, 2020) (Gayles, J.) ("Plaintiff's allegations provide the Court no reason to deviate from the prevailing consensus in this Circuit and others regarding business interruption claims arising from the COVID-19 pandemic" that such claims "do not plausibly show direct physical loss or damage" to property); *see also El Novillo Restaurant v. Certain Underwriters at Lloyd's London*, 20-cv-21525, 2020 WL 7251362, at *6 (S.D. Fla. Dec. 7, 2020) (Ungaro, J.) (collecting cases and noting "federal district courts through the country have dismissed substantially similar COVID-19 related lawsuits for failing to state a claim for business income coverage" where the policy required proof of "direct physical loss of or damages to property."); *see also Raymond H Nahmad DDS PA v. Hartford Cas. Ins. Co.*, No. 20-cv-22833, 2020 WL 6392841 (S.D. Fla. Nov. 2, 2020) (Bloom, J.) (same); *see also Malaube, LLC. v. Greenwich Ins. Co.*, 20-22615-Civ, 2020 WL 5051581 (S.D. Fla. Aug. 26, 2020) (Torres, Mag. J.) (same). As other Courts in this district have noted when considering similar lawsuits, the Plaintiff here simply does not provide the Court with adequate reason to depart from the nearly unanimous view that COVID-19 does not cause direct physical loss or damage to a property sufficient to trigger coverage

under the policy at issue here. Accordingly, the Court finds the Plaintiff has failed to adequately state a claim for breach of contract.

### 4. Conclusion

For the reasons stated above, the Court **grants** the Defendant Aspen Specialty Insurance Company's motion to dismiss. (**ECF No. 19**.) The **Clerk** is directed to **close** this case. All pending motions, if any, are **denied as moot**.

**Done and ordered**, in chambers at Miami, Florida, on January 12, 2021.

_____
Robert N. Scola, Jr.
United States District Judge